# THE BOARD OF COMMISSIONERS OF CHARITIES AND CORRECTIONS OF KINGS COUNTY, PLAINTIFF, *v.* THE BOARD OF SUPERVISORS OF QUEENS COUNTY, DEFENDANT.

*Counties — the support of felons is a State charge — contract with another county for their support — 2 Revised Statutes (2d ed.), 582, sec. 46; Laws of* 1856, *chap.* 158; 1874, *chap.* 247; 1869, *chap.* 574; 1875, *chap.* 571; 1877, *chap.* 172; 1858, *chap.* 139; 1874, *chap.* 209.

The support of prisoners convicted of a felony is a State charge, and has never been a county charge. A county has no power to contract with another county having a penitentiary for the support of such felons.

SUBMISSION of a case, under sections 1279 *et seq.* of the Code of Civil Procedure, agreed upon between the Board of Commissioners of Charities and Corrections of Kings County and the Board of Supervisors of Queens County.

The submission was to the following effect:

*First.* That the Board of Commissioners of Charities and Corrections of Kings County is the legal authority in control of the penitentiary of Kings county, and legally authorized to make contracts with the boards of supervisors of other counties not having a penitentiary, for the board and care of prisoners sentenced from such other counties to the Kings County Penitentiary in accordance with law.

*Second.* That on the 2d day of March, 1887, the Board of Commissioners of Charities and Corrections of Kings County, and the Board of Supervisors of Queens County entered into a contract in words and figures, as follows:

" This agreement, made between the Board of Supervisors of the County of Queens, in the State of New York, party of the first part, and the Board of Commissioners of Charities and Corrections, County of Kings, State of New York, party of the second part,

" Witnesseth : Whereas, the party of the second part, for and in consideration of the moneys hereinafter mentioned, does agree to receive and safely keep, board and clothe, all such persons as shall be sentenced to be imprisoned by any court or magistrate in the said county of Queens, for any length of time not exceeding five years. All such persons so sentenced to be delivered into the custody of the keeper or warden of the Kings County Penitentiary by the sheriff of the said county of Queens, or by any other officer or constable of the said county of Queens, to wit:

" For all persons sentenced for a period of from six months to twelve months or over, one dollar and seventy-five cents per week.

" For all persons sentenced for a period of from three months to and under six months, two dollars per week.

" For all persons sentenced for a period of from sixty days to and under three months, two dollars and twenty-five cents per week.

" The party of the first part doth hereby agree to cause to be conveyed to and delivered at the Kings County Penitentiary in the county of Kings, all persons who may be sentenced to be imprisoned therein for any length of time (not exceeding five years), for any crime or misdemeanor, and to pay the prices as hereinbefore stated for the board and maintenance of prisoners so sentenced and delivered to the care and custody of the keeper or warden of the

Kings County Penitentiary in the said county of Kings, semi-annually." * * *

*Fourth.* That after the making of said contract certain prisoners convicted of misdemeanors, and certain other persons convicted of crimes not punishable by imprisonment in a State prison, were sentenced in Queens county to imprisonment in the Kings County Penitentiary, and their board and maintenance was charged by Kings county to Queens county, at the rates specified in the contract above set forth.

*Fifth.* That after the making of said contract certain other prisoners convicted in Queens county of crimes punishable by imprisonment in a State prison, *i. e.*, felonies, were likewise sentenced to imprisonment in Kings County Penitentiary in accordance with law, and their board and maintenance was charged to Queens county, at the rates specified in said contract.

*Sixth.* The Board of Supervisors of Queens County, under the said contract, has audited, allowed and paid all bills rendered by the Board of Commissioners of Charities and Corrections of Kings County up to January 1, 1890, at the rates specified in said contract. * * *

*Seventh.* Since said January 1, 1890, the Board of Commissioners of Charities and Corrections of Kings County has rendered to the Board of Supervisors of Queens County, at the rates specified in said contract, both for certain prisoners convicted of misdemeanors and certain other persons convicted of crimes not punishable by imprisonment in a State prison, who were also sentenced to imprisonment in the Kings County Penitentiary from said Queens county, and also for certain other prisoners convicted in Queens county of crimes punishable by imprisonment in a State prison, *i. e.*, felonies, who were likewise sentenced for imprisonment in the Kings County Penitentiary from said Queens county, certain bills. * * *

*Eighth.* That after the making of said contract the Board of Commissioners of Charities and Corrections of Kings County were allowed and paid by the comptroller of the State for the maintenance of certain prisoners convicted in Queens county of crimes punishable by imprisonment in a State prison, *i. e.*, felonies — who were sentenced to imprisonment in Kings County Penitentiary, in

accordance with law — a sum which has varied from year to year, as the State appropriation for such purpose would allow.   *   *   *

Upon the foregoing facts, is Queens county liable to Kings county for the board and maintenance of prisoners convicted in Queens county of offenses punishable by imprisonment in a State prison and sentenced to the Kings County Penitentiary in accordance with law?

*John A. Quintard*, for the plaintiff.

*Francis H. Van Vechten*, for the defendant.

BARNARD, P. J.:

By the Revised Statutes, all persons convicted for a criminal misdemeanor were to be imprisoned in a county jail, where imprisonment was included in the sentence.   (2 R. S. [2d. ed.], 582, § 46.)

The prisoners were to be supported in the jails by the several counties.   Felonies were punishable by an imprisonment in the State prison and in no other place.   Prisoners in the State prisons were to be supported by the State at large.   This law has never been changed and the support of convicts for felonies has never been put upon the counties.

By chapter 158, Laws of 1856, convicts for felonies punishable by imprisonment in a State prison, between the ages of sixteen and twenty-one, might be sentenced to a penitentiary in the judicial district in which the conviction was had.   The cost of delivery of the convicts at the penitentiary was directed to be paid by the State treasurer.   (Chap. 247, Laws of 1874.)

By chapter 574, Laws of 1869, in all counties having a contract with the Albany Penitentiary, State-prison convicts could be sentenced to the Albany Penitentiary without charge to either State or county.

By chapter 571, Laws of 1875, all sentences which could be punished by an imprisonment in a State prison, of three years or less, could be sentenced to a penitentiary in the judicial district.   The comptroller of the State was directed to pay for the maintenance of these convicts.

By chapter 172, Laws of 1877, all females convicted of offenses punishable by imprisonment in a State prison, were directed to be

sent to the county penitentiary within the judicial district, and this law provided that the State comptroller should pay for the support of these convicts.

It will be thus seen that no contract for the support of persons .convicted of an offense punishable by imprisonment in a State prison was ever needed. The charge, therefore, was a State charge, and not a county one. The change in the place of detention of county jail convicts commences with chapter 139, Laws of 1858. By this act two counties were authorized to contract with the Albany penitentiary for the support of persons sentenced to imprisonment not less than sixty days ; and by chapter 209 of the Laws of 1874, all counties might contract with a county having a county penitentiary, for the support of prisoners convicted of a crime "not punishable in a State prison."

The power to contract with the plaintiff upon the part of Queens county, as to the support of prisoners punishable in a State prison, never existed. The contract must be held to be within the spirit of the law, which is to authorize Queens county to board its jail prisoners, who are sentenced to detention over sixty days, to be detained in a penitentiary where occupation will be furnished to the prisoners, and, incidentally, to compel the prisoner to earn his own support.

Judgment should, therefore, be given for the defendant upon the submitted case.

PRATT, J., concurred.

Judgment for defendant upon submitted case.